**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JUSTIN DAVIDSON,

        Plaintiff,

                                          CASE NO.:

v.

1300 HOMESTEAD LLC d/b/a
CAPITAL PAWN, a Florida Limited
Liability Company; CAPITAL PAWN II
OF FLORIDA LLC, a Florida Limited
Liability Company,

        Defendants.

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, JUSTIN DAVIDSON ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, 1300 HOMESTEAD LLC d/b/a CAPITAL PAWN, a Florida Limited Liability Company ("CAPITAL PAWN") and CAPITAL PAWN II OF FLORIDA LLC, a Florida Limited Liability Company ("CAPITAL PAWN II") (collectively "Defendants") and states as follows:

**JURISDICTION AND VENUE**

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28

U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.  Venue is proper in this Court as the acts and omissions alleged herein took place in this judicial district, and plaintiff and Defendants reside in this judicial district.

## PARTIES

4.  At all times material to this action, Plaintiff was a resident of Lehigh Acres, Lee County, Florida.

5.  At all times material to this action, Defendants were, and continue to be, Florida Limited Liability Companies engaged in business in Lee County, Florida.

6.  At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

7.  At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

8.  Defendants were, and continue to be, "employers" within the meaning of the FLSA.

9.  At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10.  Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

11.  At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, cash registers, and computers used in connection with their pawn shop business.

12.  At all times material hereto, the work performed by the Plaintiff was

2

directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

13.    In September 2015, Defendants hired Plaintiff to work as a non-exempt, hourly paid, Pawn Broker for Defendants' company.

14.    Plaintiff's job duties included, but were not limited to, buying and selling items for Defendants' business.  In addition to work at the shop, for which Plaintiff was compensated for most of his hours, Plaintiff was required to do work at home, using his telephone and computer, but was not compensated for these hours.

15.    Plaintiff was paid on an hourly basis throughout his employment.

16.    At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

17.    From September 2015 to October 8, 2017, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

18.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

19.    Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

20.    Defendants have violated Title 29 U.S.C. §207 from at least September 2015 to October 8, 2017, in that:

   A.    Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

B.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

C.    Defendants failed to maintain proper time records as mandated by the FLSA.

21.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Plaintiff specifically requested to be paid overtime for the hours for which he was not compensated, and was told that the problem would be fixed.

22.    Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

<u>COUNT I</u>
<u>RECOVERY OF OVERTIME COMPENSATION</u>

23.    Plaintiff re-alleges paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

24.    From at least September 2015 to October 8, 2017, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

25.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, including, but not limited to, those spent performing work for

Defendants' benefit away from the store premises.

26.    Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

27.    Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

28.    Defendants failed to maintain proper time records as mandated by the FLSA.

29.    Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, a declaration that Defendants' conduct violated the FLSA, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 29th day of January, 2018.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.:  088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

6